UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

CHARLENE D. WILKERSON,        )
                              )
            Plaintiff,        )
                              )
v.                            )          CV426-017
                              )
THE HANOVER INSURANCE         )
GROUP, INC., *et al.*,        )
                              )
            Defendants.       )

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Charlene D. Wilkerson filed a Complaint which asserts claims arising from a fall she suffered when she tripped over a parked forklift at a Family Dollar Store. *See generally* doc. 1. She moved to proceed *in forma pauperis*. *See* doc. 2. Because her original application to proceed *in forma pauperis* was insufficient the Court directed her to supplement it. Doc. 5. In particular, the Court was concerned that, despite Wilkerson disclosing no source of income or any available funds, she disclosed $2,495 in monthly expenses. *Id.* at 1-2. The Court questioned how Wilkerson is able to sustain significant monthly expenses without any source of income or assets. *Id.* at 2. In directing Wilkerson to supplement her application, the Court instructed her that, "[i]f she is

1

truly destitute and receives no material support from any third party, she should submit the supplement and indicate, to the best of her ability, how she provides for her basic needs, *i.e.* food, housing, clothing, etc." *Id.* at 4. Her supplemental application was due on February 9, 2026. *Id.* at 3-4; *see also* Fed. R. Civ. P. 6(a)(1)(C), (d).

Wilkerson did not file the requested supplemental application to proceed IFP until April 20, 2026, over two months late. Doc. 7. Not only was it untimely, but it is substantively deficient. Wilkerson again reports no income over the last 12 months, doc. 7 at 1-2, and no available cash or money in any bank account, *id.* at 2. She reports two prior employers within the past two years, but does not indicate any dates of employment, so it is unclear when she stopped earning wages from either of these former jobs. *Id.* She identifies three entities that owe her money, but at least two of them appear to be the named Defendants in this case. *Id.* at 3. She again reports monthly expenses in excess of $2,000, despite reporting no monthly income. *Id.* at 4-5. Wilkerson left blank the portion of the form application where she was instructed to provide any additional information that could help explain why she is unable to pay

the costs of these proceedings. *Id.* at 5. Therefore, it appears that Wilkerson has failed to comply with the Court's prior Order.

The Court warned Wilkerson that if she failed to comply with the prior Order she could face a recommendation that her case be dismissed. *See* doc. 5 at 4 (citing Fed. R. Civ. P. 41(b)). This Court has the authority to prune cases from its docket where parties have failed to comply with its Orders. *See* S.D. Ga. L.R. 41.1(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (courts have the inherent authority to dismiss claims for lack of prosecution); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989) ("The district court possesses the inherent power to police its docket."); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983); *Floyd v. United States*, CV491-277 (S.D. Ga. June 10, 1992). Wilkerson's failure to fully and timely comply with the Court's Order provides a sufficient reason to dismiss her Complaint.[1]

Accordingly, Wilkerson's Complaint should be **DISMISSED**. *See, e.g.,* Fed. R. Civ. P. 41(b). This Report and Recommendation (R&R) is

---

[1] Wilkerson's opportunity to object to this Report and Recommendation, discussed below, affords her **one final** opportunity to fully comply with the Court's Order. To the extent that she believes that she can explain the inconsistencies in her financial disclosures, she is free to assert that explanation in any objection she files. However, any such objection would also need to explain her failure to comply timely and completely with the Court's prior Order. *See* doc. 5 at 3-4.

submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this 6th day of May, 2026.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

4